UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAVONIX, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 13-10348-LTS |
| ) | |
| BARCLAYS BANK PLC, ) | |
| ) | |
| Defendant. ) | |

ORDER ON REPORT AND RECOMMENDATIONS (DOC. NO. 124)

December 16, 2015

SOROKIN, J.

After de novo review of Magistrate Judge Dein's Report and Recommendations (Doc. No. 124), the Court DENIES defendant's Motion for Summary Judgment, Doc. No. 85. The Court agrees with Magistrate Judge Dein's conclusions that genuine issues of material fact preclude the entry of summary judgment. Two objections raised by the defendant warrant specific comment. While "the general rule in Massachusetts [is] that statements promissory in nature are not actionable," an exception exists "where it appears that the promissor did not intend to carry out that promise." Doody v. John Sexton Co., 411 F.2d 1119, 1121 n. 21 (1st Cir. 1969); accord Tharpe v. Cisco Sys., Inc., No. 07-12279-RWZ, 2008 WL 687416, at *2 (D. Mass. Feb 14, 2008). The Court agrees with Magistrate Judge Dein's conclusion that there is a triable issue of fact as to whether the defendant fraudulently misrepresented its then-present intention to negotiate an extension. See Doc. No. 124 at 9-11. Thus, for summary judgment purposes, this case falls within the exception.

2

Second, the custom and practice described by Plaintiff's CEO's affidavit, if proven at trial, would suffice, notwithstanding the terms of the contract, to justify reliance in the non-contract claims advanced here.  <u>See</u> Doc. No. 100-1.  While a more specific showing would have better served Plaintiff, it is not so conclusory as to warrant disregard.  That there is contrary evidence in the form of a signed addendum does not, as a matter of law on summary judgment, resolve the fact issue in the face of the affidavit.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge